# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STATE OF FLORIDA,

    Plaintiff,

-vs-                                                             Case No.  8:11-CV-1575-T-30MAP

DONALD L. STERBENZ,

    Defendant.

_____/

## **ORDER**

    Before the Court is Defendant's Notice of Removal (Dkt. 1) in which Defendant petitions for removal of his criminal proceedings in case no. CRC10-06862CFAWS-04 from the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida, to this Court.  It appears that Defendant submitted the instant action pursuant to Local Rule 4.02(b) (M.D. Fla), and 28 U.S.C. § 1446.  The matter is now before the Court for screening pursuant to 28 U.S.C. § 1446(c)(4), that requires this Court to promptly examine an attempt to remove a state criminal prosecution, and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

**Background**

    Defendant asserts that the state criminal proceedings should be removed to this Court because: 1) his Sixth Amendment right to a speedy trial was waived by his attorney without

Defendant's authorization; 2) his Sixth and Fourteenth Amendment rights were violated when the state court issued an order allowing the Public Defender's Office to withdraw from representing Defendant without notice of a hearing, and without providing Defendant with a copy of the order; 3) his Sixth and Fourteenth Amendment rights were violated when the state court denied his motion to disqualify the trial court judge, and his attorney provided ineffective assistance of counsel when she failed to file a timely motion to disqualify; 4) his due process rights were violated because the copy of the court file he received is missing several orders and documents; 5) his attorney has refused his request to file a motion to dismiss the Information; 6) his attorney and the trial court are attempting to coerce him into accepting the State's offer of a plea agreement; 7) the clerk of the court violated his due process rights by denying his request for a copy of the entire court file; and 8) his trial has been unnecessarily delayed. The Court takes judicial notice of information available July 27, 2011, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Pasco County, Florida, http://www.pascoclerk.com, which indicates that Defendant's trial is scheduled for September 6, 2011. Fed. R. Evid. 201.

**Analysis**

Certain state criminal prosecutions may be removed to federal district court. 28 U.S.C. § 1446(a). 28 U.S.C. § 1442 authorizes removal of state criminal proceedings to federal court by the defendant where a federal officer is prosecuted for an act under color of federal law. 28 U.S.C. § 1442(a). Alternatively, 28 U.S.C. § 1443 allows for a removal by the defendant to federal court where the state criminal prosecution is for an act under color of

authority derived from a law providing for equal protection rights. 28 U.S.C. § 1443(2). *See also Peacock v. City of Greenwood*, 347 F.2d 679, 684 (5th Cir. 1965) ("[A] good claim for removal under § 1443(1) is stated by allegations that a state statute has been applied prior to trial so as to deprive an accused of his equal civil rights in that the arrest and charge under the statute were effected for reasons of racial discrimination."). The Notice of Removal does not allege that Defendant is a federal official, or that his criminal prosecution involves equal protection rights. Therefore, he may not remove his criminal proceedings pursuant to either 28 U.S.C. § 1442 or § 1443. Thus, section 1446 is inapplicable in this case.

Further, Defendant has failed to satisfy the procedural requirements of 28 U.S.C. § 1446 because his Notice of Removal is untimely. Section 1446(c)(1) provides that a notice of removal of a criminal case must "be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." The Pasco County Clerk of the Court's Case Progress Docket in Defendant's case indicates that the arraignment was held on January 13, 2011. Thus, Defendant's Notice of Removal was not filed within 30 days of the arraignment. Moreover, he has failed to demonstrate good cause for filing an untimely notice of removal. Thus, Defendant's Notice of Removal is barred by the time restraints of Section 1446(c)(1).

For these reasons, the Court finds that Defendant's removal of his prosecution from state court is improper, and this Court lacks jurisdiction.

ACCORDINGLY, the Court **ORDERS** that:

1. The prosecution is **REMANDED** to the Sixth Judicial Circuit Court, Pasco County, Florida.

2. The **Clerk** shall terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 27, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Defendant
Clerk of the Court, Sixth Judicial Circuit, Pasco County, Florida